NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—AUGUST, 1876.

## SMITH *v.* HOWELL.

*In the matter of the Estate of* JOHN S. HOWELL, *deceased.*

If an executor or administrator has rendered an account showing assets applicable to the payment of a judgment, the judgment creditor, on petitioning for leave to issue execution, need not cite him to account.

If the assets have been materially reduced since the account was rendered it is for the executor or administrator to show the fact, distinctly, in answer to the petition. A mere allegation that the amount of *cash* appearing in the account has been reduced by payments, is not enough.

*It seems* that if the account has been finally settled, the Surrogate's leave is not necessary before issuing execution.

The Surrogate should not refuse leave to issue execution because an appeal by the executor or administrator is pending, unless the necessary security to stay proceedings has been given.

When a sufficiency of assets clearly appears, it is the duty of the Surrogate to allow execution to issue.*

---

* Compare *Wallace* v. *Swinton* (64 N. Y., 188) as to construction and effect of the statute.

THIS was an application for leave to issue execution on a judgment recovered by the petitioner against the executors of the will of John S. Howell, deceased, for the sum of $5,211.60, damages and costs, after a trial had on the merits, June 15th, 1876.

The petition set forth the recovery of judgment and that it remained it full force and unpaid; that the executors had filed their account, as such, in the Surrogate's office, by which it appeared that they had in their hands the sum of $20,000, in securities, and about $4,000, in cash, applicable to the payment of the judgment. On this petition, an order to show cause was granted and served.

By an affidavit of the attorney of the executors it was alleged that the action in which the judgment was obtained was begun in the testator's life-time, and was pending at his death, and thereafter was revived and continued against the executors. It had been twice tried, and on each time resulted in favor of the plaintiff. From the first judgment the executors appealed to the general term, where the judgment was reversed, and a new trial ordered, costs to abide the event. After the second trial, the costs of the former trial, as well as of the second, were taxed, and included in the judgment, together with five per cent. allowance. The executors appealed from the latter judgment, and the orders allowing costs and allowances, and this appeal was still pending, and likely to be determined in October next. They appealed in good faith, and were advised that the judgment would be reversed and that if they should pay the present judgment and a reversal of the same should follow, restitution could not be procured. The executors had securities in their hands, consisting of bonds secured by mortgage on real estate, except $700 in bank; one of the mort-

gages was now being foreclosed. The executors had filed their account, and it had been referred to an auditor, and the proceedings thereon were still pending, which account was prior to this application, and the petitioner was cited to appear thereon. The amount of cash appearing in their account had been reduced by payments. The executors did not file an undertaking on appeal, to stay the execution, because it was difficult to procure the requisite sureties.

H. E. FARNSWORTH, *for the executors.*
M. DALY, *for the legatee.*

THE SURROGATE.—On behalf of the executors, it is claimed that the proceedings are irregular,—*First,* because no citation has been issued, according to the statute, requiring the executors to appear and account ; *Second,* because there has been no accounting, and *Third,* because the executors having rendered their account prior to this application, the application must be held to apply to section 32 (2 *Statutes at Large,* 90). Some confusion is created in attempting to harmonize that section with section 19th and 20th (2 *Statutes at Large,* 120).

By section 19, it is provided that a creditor who has obtained judgment against executors, or administrators, after a trial at law upon the merits, may apply to the Surrogate for an order against such executors or administrators, to show cause why an execution on such judgment should not be issued, and section 20 provides that on such application, the Surrogate shall issue a citation, requiring the executor, or administrator to account, and if upon such accounting there shall appear to be assets in their hands properly applicable to the payment in whole or in part of said judgment, the Surrogate may order such execution to issue for the amount so applicable.

This proceeding seems to be confined to a judgment obtained on a trial at law upon the merits, but evidently

the accounting is to be made for the purpose of ascertaining whether there be assets in the hands of the executors, or administrators, applicable to such payment, and I see no reason why such an accounting should be made upon each and every application for such execution. If by the account already rendered there shall appear to be assets in hand so applicable, such a proceeding would seem to be absurd.

The objection that since the rendering of the account the assets may have been exhausted, or reduced by payment of other claims, cannot be sustained for the reason that it is not so alleged in the answering affidavit, and it affirmatively appears by the petition that such assets are in the hands of these executors. Section 32 (2 *Statutes at Large,* 90), above cited, provides that execution upon a judgment against the executors or administrators, shall not issue until an account of his administration shall be rendered and settled, or unless on an order of the Surrogate who appointed him, and this section I understand to apply to all judgment, whether entered on a trial on the merits, or by default, or otherwise, which seems to provide that in cases of accounts which have been settled, execution may issue without an order of the Surrogate, but in other cases it must be by order of the court.

It is not pretended that the account in this matter has been settled ; therefore under the second alternative of the section, execution may be issued upon the order of the Surrogate in a " proper case."

As to the objections that an appeal has been taken and is likely to be determined in a short time, it is sufficient to say that the statute prescribes the mode of staying proceedings upon such appeal, and it would be a great hardship to allow an appeal to be taken without the security required for a stay of proceedings, and yet make that appeal serve the purpose of a stay.

The counsel for the executors claims that under the circumstances of this case, the order ought to be refused, because it is discretionary, and cites the case of *Mount* v. *Mitchell* (31 *N. Y.*, 356), as an authority upon that subject, but that authority does not sustain the proposition. It does hold that the decision of the Surrogate upon the question of sufficiency of assets shall be conclusive upon that point, and therefore no appeal could be brought to correct or reverse such decision; but it seems to me when a sufficiency of assets clearly appears, it is the obvious duty of the court to order execution to issue, for the language of the statute is, that if upon such accounting (not a final settlement of the account) it shall appear that there are assets in the hands of such executor or administrator, properly applicable to the payment in whole or in part of the judgment so obtained, the Surrogate *shall* make an order that execution be issued for the amount so applicable.

I see no good reason why execution should not issue in this case for the full amount of the judgment. I am unwilling to establish any such practice, as that an appeal without surety for the purpose of staying execution shall answer the purposes of such stay, especially when it appears that the appellants have available securities in their hands to nearly four times the amount of the judgment.

Order accordirgly.